R. ROTHSCHILD'S SONS' CO. v. MENTEL et al.

(Circuit Court, S. D. Ohio, W. D. July 8, 1895.)

No. 4,632.

DESIGN PATENT—VALIDITY AND INFRINGEMENT—SALOON-BAR FIXTURES.
    The Rothschild patent, No. 22,222, for a design for saloon-bar fixtures,
    found not anticipated, and *held* valid and infringed.

This was a suit in equity by the R. Rothschild's Sons' Company
against Ferdinand Mentel and others for infringement of a design
patent.

George J. Murray, for complainant.
Stern & Allen, contra.

SAGE, District Judge.   The complainant sues for infringement
of patent No. 22,222, issued February 14, 1893, to David Rothschild,
for design for saloon-bar fixtures.   The only defense relied upon is
that the patentee, from whom complainant derives title, did not in-
vent the patented design, but surreptitiously appropriated to him-
self and patented what was the invention of Victor Vollbracht.
Vollbracht testifies positively that he was the originator of the de-
sign, and that David Rothschild had nothing to do with its invention;
that it was made originally in the city of Detroit, as shown in defend-
ant's exhibit, "Vollbracht's Sketch of Swan Fixture." This sketch
contains two drawings.   The first shows only a plan of a counter,
square arm rail, cigar case, back bar, wine coolers, cashier's desk,
and indicates the bases of columns and the location of mirrors.   The
second is the sketch of the back of the fixture, including panels,
ornamentations, and mirrors.   The arched canopy projecting from
the wall over the counter is neither shown nor indicated, nor are
the columns or their capitals.   These drawings are not sufficient to
show an anticipation of the complainant's patent.

Vollbracht is contradicted by William Kleeman, of Cincinnati,
manufacturer of office, store, and saloon fixtures, who testifies that
the drawings of the complainant's patent represent a fixture made
by him about March 28, 1892, for the Rothschild's Sons' Company, in
accordance with orders and instructions received by him from David
Rothschild.   His testimony is that the drawings or sketches were
made by Vollbracht, but that the instructions for making them were
given, and a good many parts of the design were suggested and di-
rected, by David Rothschild, in the presence of the witness.

He also testifies that the ideas and the sketch from which he
made the City of Paris saloon fixtures (which is the name given to
fixtures made according to the patented design) for the R. Roths-
child's Sons' Company he received from David Rothschild, who aft-
erwards changed the ends of the mirror frame from oval to straight,
and from wood to metal; that David Rothschild called three or four
times a week while they were working on the fixture, which it re-
quired six weeks to complete; and that Vollbracht called twice, and

gave instructions concerning the carving of the heads and shields and the corbel; also, that Vollbracht never gave any instructions in regard to building up the work.

Julius A. Braum testifies that no fixture was ever made by the Rothschild's Sons' Company after the design which Vollbracht claims to have sketched for Swan at Detroit. Vollbracht is also contradicted by Julius F. Beuhler, who testifies that Rothschild originated the patented design; that for some four years before the date of his testimony, which was given March, 1894, Rothschild had stated to witness his intention to get up a design for new fixtures that would, as he expressed it, "stun the country"; and that he spoke on a good many occasions to the witness of the details of the design, such as the marble work, the cove overhead, the lion heads, and the columns resting on the counter, and holding the cove of the mirror frames; also, that several rough sketches were made, to which improvements were added, and they were altered from time to time, all under the instructions of Rothschild. The sketches of these drawings and improvements were made by Vollbracht, then draftsman for the Rothschild's Sons' Company. This was, the witness states, early in 1891, probably in January, but long after David Rothschild had spoken to the witness about the design. The criticism upon the testimony of these witnesses that they speak from hearsay is not well founded. It is true that in some matters, but not those above referred to, they did speak from hearsay, or testified to inferences. Their testimony as detailed above is clear and positive. I am satisfied upon all the testimony that David Rothschild invented the design; that Vollbracht's claim to be the inventor is unfounded in fact; and that the patent is valid. It is not denied that the defendants have copied and used the complainant's design, and that they are infringers if the patent be sustained. The decree will be for an injunction and account against the defendants.